IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JANA LYNN RUPNOW,

                    Plaintiff,                    OPINION and ORDER

v.

UNITED STATES MARSHAL, RACHEL LONG          11-cv-209-wmc
and JERRY CARPENTER,

                    Defendants.

---

This is a proposed civil action that plaintiff Jana Lynn Rupnow, proceeding pro se, has filed against defendants United States Marshal, Rachel Long and Jerry Carpenter. Rupnow has been allowed to proceed without prepayment of costs and fees in this action, but the next step is determining whether Rupnow's proposed action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Rupnow's factual recitation in her complaint, and even her prayer for relief, is disjointed and hard to follow. In her complaint, Rupnow states in part:

> From 2004 (My car was stolen August 5, 2004) at both my home(I owned a duplex at 107 & 109 Second Ave. New Glarus) and place of business (Land's End Photo Studio, Dodgeville-freelance) I started having strange comments made to me and questions from roommate and co-workers followed by more strange events stemming from the radio, Web MD, and Jerry Carpenter via email.

Rupnow mentions also that the City of Verona brought suit against her for allegedly "crossing the fog line," despite being told sometime before that the ticket had been dropped. She alleges that an unnamed person has been kept from communicating with her lawyer by threats, extortion, and blackmail and has proof of illegal surveillance in her bed pillows.[1]

Finally, Rupnow alleges that Green County and the U.S. Marshal have prevented her from seeing or talking to a "Robert Bernardoni" for over ten years, have been spying on her through illegal surveillance and cell phones, and are "always threatening me if I refuse to cooperate being a slave lab rat." She goes on to state as follows:

> As of February 14, 2011, they have been torturing me with technology originating through homeland security that was being used for health care (I have cancer) to play with my genitals nearly every day for hours though I have driven hundreds of miles to escape and screamed to stop.

Rupnow seeks an injunction against the United States Marshal Service and all employees of Green County Monroe Clinic, though only employee Rachel Long, a psychiatrist, is named. She also seeks to initiate criminal charges against Long and Jerry Carpenter, a psychologist in Denver, Colorado, who is alleged to be "a professional liar."

OPINION

Fed. R. Civ. P. 8. requires that a complaint set forth a (1) short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. In this

---

[1] She also alleges that Jeff Ingebritzen, her appointed attorney in what was apparently a state court proceeding, violated the attorney-client privilege, had a conflict of interest and lied to her on many occasions, but is not suing Ingebritzen and fails to explain how his alleged misconduct bears on the causes of action she purports to bring against others.

case, there are several problems with Rupnow's complaint. First, and foremost, it is difficult to determine from her allegations who Rupnow is suing and for what actions. She does name as defendants the United States Marshal, Rachel Long and Jerry Carpenter, but has not set forth a short or plain statement of the actionable claims against them, nor the factual basis underlying those claims. Further, although she alleges actions by other people, she does not name them as defendants.

Second, Rupnow's allegations of unspecified surveillance and torture seem fantastical. Allegations are legally frivolous when they are fanciful, fantastic, delusional, irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Third, to the extent that she wants to initiate criminal charges against anyone, she has no standing to do so. The decision to initiate a criminal prosecution is within the exclusive province of a state or federal prosecutor. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

Finally, although Rupnow seeks an injunction, she does not explain who or what behavior she seeks to enjoin. Therefore, her demand for relief sought does not comply with Rule 8.

Because Rupnow's complaint does not comply with Rule 8, the court will dismiss it without prejudice. Rupnow will be afforded an opportunity to submit an amended complaint that complies with Rule 8. Attached to this opinion is a blank complaint form for plaintiff to fill out. In filling out the form, Rupnow should explain her claims in full sentences, in numbered paragraphs and in a way that would enable someone reading the complaint to answer the following questions:

- Who violated her rights under the Constitution or state or federal law? (She should list in the caption and in the "list of defendants" section the individuals who violated her rights.)

- What specific actions each defendant took?

- When and where did each action occur?

- How she was injured by each defendant's conduct?

- Why she believes this conduct is properly the subject of a federal lawsuit and the specific relief sought against each named defendant.

Rupnow will have **until September 27, 2011, to file an amended complaint** that complies with Rule 8 and this opinion and order. If Rupnow does this, the court will take the amended complaint under advisement for screening of his dismissed claims pursuant to 28 U.S.C. § 1915(e)(2). **If she fails to respond to this order to this order by September 27, 2011, however, the claims will remain dismissed.**

ORDER

IT IS ORDERED that: (1) plaintiff Jana Rupnow's complaint is DISMISSED without prejudice for her failure to comply with Fed. R. Civ. P. 8; (2) she may have until September 27, 2011, in which to file an amended complaint that complies with Fed. R. Civ. P. 8; and (3) if plaintiff fails to file an amended complaint by that date, the clerk's office is directed to close this case.

Entered this 7th day of September, 2011.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge